```
               IN THE UNITED STATES DISTRICT COURT
            FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                         WESTERN DIVISION
TOMMIE QUEEN                                         PETITIONER

v.                              CIVIL NO. 5:24-cv-00001-DCB-BWR

BRAND HUFFMAN                                        RESPONDENT
```

## ORDER ADOPTING REPORT AND RECOMMENDATION

THIS MATTER comes before the Court on Magistrate Judge Rath's Report and Recommendation ("Report") [ECF No. 16], concerning Tommie Queen's ("Petitioner") Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. [ECF No. 1]. The Report was entered on May 5, 2025, and objections to it were due by May 19, 2025. On May 19, Queen filed a motion for extension of time, which the Court granted, extending the time for objection to the Report to June 18, 2025. Petitioner filed his objection on June 20, 2025. Out of an abundance of caution, the Court considers Queen's late objection.

Upon examination of the Petitioner's Objections [ECF No. 20] to Judge Rath's Report and Recommendation [ECF No. 16], in conjunction with a comprehensive review of the record and relevant legal authorities, the Court finds that Petitioner's Objections [ECF No. 20] should be overruled, that the Magistrate Judge's Report and Recommendation [ECF No. 16] should be adopted, that the Petitioner should be denied both an evidentiary hearing and a

certificate of appealability, and that the Petition [ECF. No. 1] should be dismissed with prejudice.

 I. Background

On November 7, 2019, Petitioner was convicted on three counts of dog fighting in violation of Mississippi Code Annotated § 97-41-19, for which he was sentenced to serve three years for each count consecutively. [ECF No. 7-1] at 101-02. After the trial court denied his motion for judgment notwithstanding the verdict or in the alternative new trial, Queen appealed the verdict to the Mississippi Supreme Court. Id. at 105, 107. On direct appeal Queen argued that "(1) the trial court erred in allowing Kyle Held to be tendered as an expert; (2) there was insufficient evidence to convict Tommie Queen; and (3) the trial court should have granted the recusal." [ECF No. 7-8] at 5.

After the Mississippi Supreme Court affirmed Petitioner's conviction and sentences, Queen filed a pro se motion for post-conviction relief alleging:

1. The court erred in allowing [Petitioner's] Fifth Amendment right to Due Process to be violated;
2. The court erred by allowing prosecution against [Petitioner] using a defective indictment;
3. Ineffective assistance of counsel;
4. The court violated [Petitioner's] right to a fair trial by not recusing; and
5. An illegal sentence.

[ECF No. 16] at 2; [ECF No. 7-9] at 30-56.

2

Judge Rath's report explains that after the Mississippi Supreme Court denied Petitioner's motion for post-conviction relief, Queen filed motions for rehearing and leave to file a second post-conviction relief motion in the trial court which the Mississippi Supreme Court dismissed as moot. [ECF No. 16] at 2-3; [ECF No. 7-8] at 10, 12-15, 17-21. Petitioner then requested leave to file a second post-conviction relief motion in the trial court because he failed to follow the proper procedural standards when filing the first motion. [ECF No. 16] at 3; [ECF No. 7-8] at 7-9. The Mississippi Supreme Court dismissed the second motion explaining that Petitioner presented no post-conviction issues and that by denying his first motion "on its merits on January 4, 2023" the court already denied leave "to proceed in the trial court." [ECF No. 16] at 3 (citing [ECF No. 7-8] at 2-3.

On January 4, 2024, Petitioner filed the instant motion with this Court, raising eight grounds for relief:

1. That his right to due process was violated when the trial court tendered Kyle Held as an expert witness and allowed him to testify to statements outside of his report;
2. That the state failed to present sufficient evidence to convict him of dog fighting;
3. That the trial court erred when it denied his motion to recuse;
4. That the trial court erred in allowing his Fifth Amendment due process right to be violated;
5. That the trial court erred by prosecuting Queen with a defective indictment;
6. That he was not granted effective assistance of counsel;

3

    7. That the trial court violated his right to a fair trial by not recusing;
    8. That he was sentenced illegally.

[ECF No. 1] at 5-16; [ECF No. 16] at 3-4.

In the Report, Judge Rath discusses the merits of each ground raised by Petitioner and concludes that the Court should dismiss the petition with prejudice, deny Queen's request for an evidentiary hearing, and deny him a certificate of appealability. [ECF No. 16] at 35. Queen's late filed objection to the Report raises four issues. [ECF No. 20]. First, he objects to the Report's failure to address Kyle Held's alleged perjury in his testimony at trial. Id. at 1. Second, he objects to the admission of Mr. Held's testimony in his case. Id. Third, he alleges that the prosecutor should have known that Mr. Held perjured himself. Id. Fourth, Queen alleges that he is innocent of the counts upon which he was convicted. Id.

    II.   Legal Standard

Where a petitioner has submitted a timely written objection to a Magistrate Judge's report and recommendation, a court "make[s] a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); see also Fed. R. Civ. P. 72(b)(3); Walker v. Savers, 583 F. App'x 474, 474-75 (5th Cir. 2014). In conducting a de novo review, the district court

makes its "own determination based upon the record and unrestrained by the findings and conclusions of the Magistrate." United States v. Wilson, 864 F.2d 1219, 1222 (5th Cir. 1989). However, the Court is not "required to reiterate the findings and conclusions of the Magistrate Judge." Koetting v. Thompson, 995 F.2d 37, 40 (5th Cir. 1993). Where no timely objection is filed, as well as to those portions of a report and recommendation to which there are no objections, a court is to apply a "clearly erroneous, abuse of discretion and contrary to law standard of review." Wilson, 864 F.2d at 1221 (quotation omitted).

A district court "need not consider frivolous, conclusive, or general objections." Gooding v. Colvin, No. 1:15CV20-LG-RHW, 2016 WL 660932, at *2 (S.D. Miss. Feb. 18, 2016) (citing Battle v. U.S. Parole Comm'n, 834 F.2d 419, 421 (5th Cir. 1987)). "Moreover, where the objections are repetitive of the arguments already made to the Magistrate Judge, a de novo review is unwarranted." Id. (citing Koetting, 995 F.2d at 40). "Instead, the report and recommendation is reviewed by the district judge for clear error." Id. (citing Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315-16 (4th Cir. 2005)); see also Hernandez v. Livingston, 495 F. App'x 414, 416 (5th Cir. 2012); Jackson v. Berryhill, No. 1:17CV48-LG-JCG, 2018 WL 4046512, at *1 (S.D. Miss. Aug. 24, 2018); Robertson v. Berryhill, No.

5

1:16CV295-HSO-JCG, 2018 WL 1336054, at *2 (S.D. Miss. Mar. 15, 2018).

   III. Discussion

   The Court will address each of Queen's objections individually.

      A. The Report's Failure to Address Kyle Held's Perjury

   In his first objection, Petitioner claims that Mr. Held perjured himself at trial by claiming that he was "the lead investigator in the Missouri 500" dog-fighting ring bust when in reality "his name is not even mentioned." [ECF No. 20] at 2. This objection rephrases one of the grounds upon which Petitioner seeks habeas corpus relief—that the trial court erred "by tendering Mr. Kyle Held as an expert in the field of animal cruelty and dogfighting." [ECF No. 1] at 2. Petitioner's perjury claim is a re-assertion of his claim that Mr. Held was not qualified to testify as an expert witness; now Queen specifically alleges that he lied about his qualifications.

   Mississippi Rule of Evidence ("MRE") 702 governs qualifications for expert testimony, and the Report explained that "whether the state correctly applied MRE 702 is not subject to review by this Court." [ECF No. 16] at 10 (citing Swarthout v. Cooke, 562 U.S. 216, 219 (2011) (holding that state law

errors do not warrant federal habeas relief); Barlow v. Epps, No. 3:10-cv-00345-CWR-LRA, 2013 WL 4483379, at *12 (S.D. Miss. Aug. 20, 2013); see also Flynt, 2019 WL 8755119, at *3.) Furthermore, Queen offers no evidence to support his assertion that Mr. Held lied about his qualifications; the Supreme Court of Mississippi discussed Mr. Held's qualifications when it affirmed Queen's sentence, finding that Mr. Held was qualified, and his expert testimony was admissible. [ECF No. 7-7] ¶15.

As the Report found, Petitioner has not shown that he is entitled to habeas relief on this ground. [ECF No. 16] at 10. Habeas relief is warranted "when the wrongfully admitted evidence has played a crucial, critical, and highly significant role in the trial." Little v. Johnson, 162 F.3d 855, 862 (5th Cir. 1998). As the Report explains, the trial court found that Held's testimony met the MRE 702 requirements, and this Court cannot review its decision at this time. Therefore, Queen's first objection is meritless.

### B. Mr. Kyle Held's Medical Testimony

Queen next claims that the trial court erred when it "allowed Kyle Held to testify to cause or causation [of] the injuries of the Queen dogs" despite having no medical certification or degree. [ECF No. 20] at 3-4. The Supreme Court of Mississippi addressed this argument on direct appeal, finding

7

it meritless because "Held testified that he had investigated hundreds of dog-fighting cases over his career and that his duties included medical evaluation of the dogs." [ECF No. 7-7] at 10. In this case, Held testified that the dog at issue had a fractured jaw as well as several other wounds, and that the antibiotics found at the scene were common to treat infection in fighting dogs. Id. The court explained that Dr. Savant, a veterinarian, also testified that the dog had extensive jaw injuries and that "it is common knowledge that antibiotics are used to fight infections." Id. at 10-11. Therefore, the Supreme Court of Mississippi held, "the trial court did not abuse its discretion by allowing Held to testify about the dog's injuries and the purpose of antibiotics."

The Report does not address Held's qualification to testify to the cause of injuries because Queen did not raise this issue in his habeas corpus petition or in his reply to Respondent's response to his petition. The Fifth Circuit has held that "issues raised for the first time in objections to the report of a magistrate judge are not properly before the district judge." Dedeaux v. Turner, No. 1:18CV263-HSO-RHW, 2020 WL 1131488 at *4 (S.D. Miss. Mar. 9, 2020), judgment entered, No. 1:18CV263-HSO-RHW, 2020 WL 1158607 (S.D. Miss. Mar. 9, 2020) (citing Finley v. Johnson, 243 F.3d 215, 219 n.3 (5th Cir. 2001)). To the extent that Queen reiterates issues raised on direct appeal, the Court

8

agrees with the Supreme Court of Mississippi that the trial court did not abuse its discretion in allowing Kyle Held to testify to the causation of injuries typical in fighting dogs. This issue was not presented to the magistrate judge, nor does Petitioner present any new evidence to support his previously denied claim. Therefore, the Court finds Queen's second objection meritless.

### C. Prosecutor's Failure to Correct Kyle Held's Perjured Testimony

Queen next argues that the Government failed to inform the court of Mr. Held's false testimony concerning his involvement in the Missouri 500. As this Court has previously stated, Mr. Held was properly qualified as an expert witness, and it cannot reexamine the trial court's decision. Petitioner's perjury claim is meritless, and therefore his claim that the prosecution failed to correct the alleged perjury is also meritless.

### D. Actual Innocence

Finally, Queen argues that he is "totally innocent of training any of his dogs to fight." [ECF No. 20] at 9. He "maintains that he was using his dogs for hunting purposes for hunting hogs and selling hog dogs for catching wild hogs." Id. The Report addresses this claim, which Petitioner asserted for the first time in his rebuttal. [ECF No. 16] at 13. The Report

found that the argument was waived because "[i]t is the practice of [the] [Court of Appeals for the Fifth Circuit] and the district courts to refuse to consider arguments raised for the first time in reply briefs," even by pro se litigants. Id. (citing Gillaspy v. Dallas Indep. Sch. Dist., 278 F. App'x 307, 315 (5th Cir. 2008) (citing Peteet v. Dow Chem. Co., 868 F.2d 1428, 1437 (5th Cir. 1989)); United States v. Jackson, 426 F.3d 301, 305 n.2 (5th Cur, 2005)). After reviewing the record, the Court finds that Queen indeed failed to raise this argument in his petition, and that therefore the Report was correct in finding that he waived it.

Next, Queen attempts to use the fact that he rejected a plea deal as evidence of his innocence.  He did not raise this argument in his petition or in his reply to the Government's response to his petition. As the Court has previously discussed, Fifth Circuit precedent holds that "issues raised for the first time in objections to the report of a magistrate judge are not properly before the district judge." Dedeaux, 2020 WL 1131488 at *4 (citing Finley v. Johnson, 243 F.3d 215, 219 n.3 (5th Cir. 2001)). To the extent that Queen seeks leave to amend his petition to add these new claims, "any such request should be denied under the specific facts and circumstances in this case." Dedeaux, 2020 WL 1131488 at *4 (citing Omran v. Prator, 674 F. App'x 353, 355 (5th Cir. 2016) (holding that an equal-protection

claim would not be considered because it was raised for the first time in the petitioner's objections to the magistrate judge's report and recommendation, and the district court did not abuse its discretion in implicitly denying him leave to amend)). Therefore, the Court will not consider this issue raised for the first time in Petitioner's objections.

Petitioner also claims that he "was denied the assistance of an expert which is a basic tool to an adequate defense" and without which he was denied a fair trial. [ECF No. 20] at 10. Once again, the Court finds that Queen failed to raise this claim prior to his objections, and therefore he has waived it. Therefore, the Court will not consider this issue.

I. Conclusion

After conducting a de novo review of the aspects of the Report to which Petitioner objects and reviewing the remainder of the report for clear error, the Court agrees with Judge Rath's recommendation. Accordingly, the Report is ADOPTED and Queen's Petition for Writ of Habeas Corpus [ECF No. 1] is DISMISSED WITH PREJUDICE. Furthermore, Petitioner is DENIED an evidentiary hearing. The Court also DENIES Queen a certificate of appealability.

A Final Judgment shall be entered of even date herewith pursuant to Rule 58 of the Federal Rules of Civil Procedure.

SO ORDERED, this 31st day of July, 2025.

                                                      /s/ David Bramlette
                                                   DAVID C. BRAMLETTE III
                                                   UNITED STATES DISTRICT JUDGE