IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

TOMMIE QUEEN                                              PETITIONER

v.                              CIVIL NO. 5:24-cv-00001-DCB-BWR

BRAND HUFFMAN                                             RESPONDENT

<u>ORDER DENYING PETITIONER'S MOTION FOR RECONSIDERATION</u>

This matter is before the Court on pro se Petitioner Tommie Queen ("Petitioner")'s Motion for Reconsideration ("Motion") [ECF No. 25] filed on October 6, 2025.  Petitioner is requesting the Court to reconsider the Final Judgment ("Judgment") [ECF No. 24] entered on July 31, 2025, dismissing this case with prejudice. The Court, having examined the Motion, the record, the applicable legal authority, and being fully informed in the premises, finds that Petitioner's Motion is DENIED.

I.   Background

On July 31, 2025, the Court entered an Order and Final Judgment adopting Magistrate Judge Rath's Report and Recommendation and dismissing this case with prejudice, denying Petitioner an evidentiary hearing, and denying him a certificate of appealability. [ECF Nos. 23, 24].

On October 6, 2025, Petitioner filed a Motion for Reconsideration regarding the Order and Final Judgment adopting Magistrate Judge Rath's Report and Recommendation that the Court entered on July 31, 2025. [ECF No. 25]. Although pro se Petitioner

Queen did not cite to a specific rule for the basis of his Motion, the Court assumes he intended it to be a motion for relief from a judgment or order under Rule 60(b). [ECF No. 25].[1] The Government filed their response in opposition on October 21, 2025 arguing that Petitioners Motion for Reconsideration should be denied because his "arguments re-urging his claims for federal habeas relief are successive", or, in the alternative, they "fail to satisfy the requirements to set aside the judgment under Rule 60(b)." [ECF No. 26] at 2.

II.  Legal Standard

Under Rule 60(b) of the Federal Rules of Civil Procedure, a court may relieve a party from a final judgment due to:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rul 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

---

[1] The Court notes that "[b]ecause he is pro se, his filings are "to be liberally construed" and his "complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Miller v. Dunn, 35 F.4th 1007, 1008 n.1 (5th Cir. 2022) (citing Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)).

Fed. R. Civ. P. 60(b).

"Motions . . . to alter or amend a judgment . . . cannot be used to raise arguments which could, and should, have been made before the judgment issued. Moreover, they cannot be used to argue a case under a new legal theory." Simon v. U.S., 891 F.2d 1154, 1159 (5th Cir. 1990) (quoting Fed. Deposit Ins. Corp. v Meyer, 781 F.2d 1260, 1268 (7th Cir. 1986)) (internal quotation marks omitted). "Motions to reconsider are not appropriate to raise arguments that could or should have been made previously or to re-urge matters that a court has already considered." Pro-Logistics Forwarding (pty) Ltd. v. Robison Tire Co., Inc., No. 2:13cv83, 2014 WL 1330960, at *1 (S.D. Miss. Apr. 2, 2014) (quoting Centre One v. Vonage Holdings Corp., No. 6:08cv467, 2010 WL 3257642, at *1 (E.D. Tex. Aug. 17, 2010)) (internal quotation marks omitted).

III. ANALYSIS

First, the Court will examine whether the claims presented by Petitioner in his Motion merely reiterate arguments previously raised in support of federal habeas relief, thereby rendering them successive. The Court will then consider whether any remaining claims satisfy the requirements for relief under Rule 60(b).

A. Successiveness of Petitioner's Claims

28 U.S.C. § 2244(b)(1) states that, "A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed." For claims not raised in a prior application, § 2244(b)(2)(A)-(B) further specifies that such claims must still be dismissed unless:

> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence;
>
> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

§ 2244(b)(2)(A)-(B).

Here, throughout Petitioner's Motion for Reconsideration, he requests that the Court "reopen this case and grant the relief that the law and Constitution say he is entitled to and end this misscarrage [sic] of justice that was brought upon him by the State of Mississippi." [ECF No. 25] at 18. In support of this, Petitioner merely reiterates arguments and claims previously raised in his federal habeas petition and related filings before this Court. For instance, in his original motion, Petitioner alleged due process violations related to "tendering Kyle Held as an expert witness and in allowing him to testify." [ECF No. 1] at 5. He reiterates this claim in his Motion for Reconsideration, again asserting that

Kyle Held was not qualified to testify and that his testimony constituted perjury. [ECF No. 25]. As previously noted, it is well established under 28 U.S.C. § 2244(b)(1) that any claim previously presented and adjudicated in a prior petition must be dismissed. Furthermore, a motion for reconsideration cannot "re-urge matters that a court has already considered." Pro-Logistics Forwarding (pty) Ltd. 2014 WL 1330960, at *1 (quoting Centre One v. Vonage Holdings Corp., 2010 WL 3257642, at *1.).

Furthermore, to the extent that Petitioner's motion could be construed as raising new claims, such claims constitute an attempt to file a second or successive habeas petition. Pursuant to 28 U.S.C. § 2244(b)(2), a successive application must be dismissed unless it is based on either a new rule of constitutional law, made retroactive to cases on collateral review, or newly discovered evidence that would establish innocence. See Gonzalez v. Crosby, 545 U.S. 524, 531 (2005).

The Motion for Reconsideration does not present any newly discovered evidence that would establish Petitioner's innocence. The motion fails to set forth any facts that were not previously raised or already known to the Court and, therefore, does not satisfy the requirements of § 2244(b)(2)(B). Furthermore, the motion does not rely on a new rule of constitutional law as required by § 2244(b)(2)(A). Instead, Petitioner simply repeats his objections to Kyle Held's testimony, contending, for example,

that "[i]f the Court really looks at the evidence in this case and uses its common sense, [i]t will prove that Tommie Queen was not training dogs to fight," and asserting that Kyle Held should not be considered an expert because "he had no degrees in nothing." Id. at 4, 7.

The Court finds that the claims presented by Petitioner in his Motion for Reconsideration merely reiterate arguments previously raised in support of federal habeas relief, thereby rendering them successive. Therefore, the motion is denied.

B. Relief Under Rule 60(b)

For the sake of completeness, the Court addresses the merits of the motion, notwithstanding its denial under 28 U.S.C. § 2244.

As previously noted, Rule 60(b) of the Federal Rules of Civil Procedure permits a court to relieve a party from a final judgment for reasons such as mistake, newly discovered evidence, fraud, a void judgment, satisfaction or discharge of the judgment, or any other reason justifying relief.

Here, Petitioner has not alleged facts supporting, nor has he raised, any issue of mistake, fraud, newly discovered evidence, a void judgment, satisfaction or discharge of judgment, or any other grounds for relief. Accordingly, the motion must be denied on this basis as well.

The Court has considered all issues raised by Petitioner. Any arguments not specifically addressed herein have nevertheless been reviewed and found not to affect the outcome of the Court's decision.

IT IS ORDERED that Petitioner's Motion [ECF No. 25] for Reconsideration is DENIED.

SO ORDERED, this 20th day of January, 2026.

/s/ David C. Bramlette
UNITED STATES DISTRICT JUDGE